# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20662-CIV-LENARD/GARBER

**BEVERLY McLANE and BRAD McLANE, her husband,**

    Plaintiffs,

vs.

**MARRIOTT INTERNATIONAL, INC., at al.,**

    Defendants.

_____/

## OMNIBUS ORDER DENYING DEFENDANT CONSTRUCTORA COPT LTD'S MOTION TO BE RELIEVED FROM RESPONDING TO THIRD AMENDED COMPLAINT (D.E. 324); DENYING DEFENDANT GUAPIZUL SRL'S MOTION TO BE RELIEVED FROM RESPONDING TO THIRD AMENDED COMPLAINT (D.E. 347); AND DENYING AS MOOT PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO CONSTRUCTORA COPT LTD'S MOTION TO DISMISS (D.E. 329)

**THIS CAUSE** is before the Court on Defendants Constructora Copt Ltd. ("CCL") and Guapizul SRL's ("Guapizul") Motions to be Relieved from Responding to Plaintiffs' Third Amended Complaint (D.E. 324 and 347),[1] filed on May 11 and December 22, 2010, respectively, and Plaintiff Beverly and Brad McLane's ("Plaintiffs") Motion for Extension of Time to Respond to CCL's Motion to Dismiss (D.E. 329), filed on May 19, 2010.  CCL

_____

[1] Defendant CCL's Motion is titled "Response to Attempted Service of Process in Costa Rica Via Letters Rogatory, Motion to Dismiss For Insufficiency of Process, Lack of Personal Jurisdiction, and Forum Non Conveniens and Joinder in Forum Non Conveniens Motion in Light of Orders Granting Motions to Dismiss." Defendant Guapizul's Motion is titled "Response to Attempted Service of Process in Costa Rica and Defendants Constructora Copt and Guapizul SRL's Motion to Recognize That They Are Relieved From Responding to Service of Process Due to Prior Dismissal of Action on Forum Non Conveniens Grounds."

filed its Response to Plaintiffs' Motion for Extension on June 7, 2010 (D.E. 336) to which Plaintiffs Replied (D.E. 337) on June 10, 2010.  Plaintiffs filed a Response to both CCL and Guapizul's Motion to Dismiss (D.E. 353) on January 31, 2011.   Having considered Defendants' Motions to be Relieved from Responding to Plaintiffs' Third Amended Complaint, Plaintiffs' Motion for Extension of Time to Respond, the respective Responses and Reply and the record, the Court finds as follows.

Plaintiffs filed suit in this Court on March 13, 2008.  On June 26, 2009, Plaintiffs filed their Third Amended Complaint ("Complaint"), which alleged, *inter alia,* counts of negligence against Guapizul and CCL.  (*Id*. at Counts II and VIII.)   Brad McLane has asserted a loss of consortium claim against all Defendants.  (*Id.* at ¶ 86.)  On May 6, 2010, this Court issued an Amended Omnibus Order (D.E. 322) dismissing all claims against Defendants Marina de Herradura S.A. ("Herradura") and El Sueno Resort ("ESR") on personal jurisdiction and *forum non conveniens* grounds**.**   (Omnibus Order at 32-33.) Pursuant to Stipulation (D.e. 325) filed on May 13, 2010 waiving certain rights and defenses that may be claimed during litigation in Costa Rica, the Court dismissed Defendant Marriot International, Inc. ("Marriot") from this case on *forum non conveniens* grounds.  (Order Dismissing Marriot International, Inc., D.E. 326.)

Defendants CCL and Guapizul were served with the Complaint following the Court's disposition of the aforementioned defendants' motions to dismiss.  Now CCL and Guapizul move to be relieved from responding to the Third Amended Complaint and for a final order dismissing this action.  CCL argues that this Court's determination that Costa Rica is an

adequate alternative forum for this suit operates as a dismissal of the entire action on *forum non conveniens* grounds and therefore no further action by CCL is necessary.  (CCL Mot. at 3.)  Guapizul, joined by CCL, similarly moves to dismiss claiming this Court's personal jurisdiction and *forum non conveniens* analysis in the Amended Omnibus Order apply to it.  (*See* Guapizul Mot. at 14-17.)  In the alternative, CCL and Guapizul request an extension of time to respond to the Third Amended Complaint.

In their Response to the Motions to Dismiss, Plaintiffs oppose the application of this Court's Amended Omnibus Order to Guapizul and CCL as these defendants had not yet been served and generally argue that jurisdiction and venue are proper in Miami.  (*See* Response at 7.)  Plaintiffs adopt their *forum non conveniens* arguments made in prior responses to motions to dismiss.  (*Id.*, citing D.E. 231-33 and 235.)  Finally, Plaintiffs acknowledge that all relevant jurisdictional and forum non conveniens discovery has taken place.  (*Id.*)[2]

Stated simply, the May 6, 2010 Amended Omnibus Order did not apply to CCL and Guapizul.  At that time, CCL had just been served with process but had not appeared or moved to dismiss.  Guapizul had not yet been served.   Consequently, these Defendants had not become party to the suit.  *See Nagle v. Lee*, 807 F.2d 435, 438 (5th Cir. 1987) (a defendant who has not been served or has not made an appearance in the case never became party to the action); *accord Bryant v. Rich*, 530 F.3d 1368, 1377 n.18 (11th Cir. 2008); *Insinga v. LaBella*, 817 F.2d 1469, 1470 n.3 (11th Cir. 1987).  Furthermore,

---

[2]     This final concession renders moot Plaintiffs' Motion for Extension of Time to Respond to CCL's Motion to Dismiss (D.E. 329).

despite references to CCL and Guapizul in the Amended Omnibus Order's discussion of facts, no motions by these Defendants were pending before the Court.  Thus, the Order only adjudicated Herradura, ESR and Marriot's motions to dismiss, and had no effect on the remaining defendants.  This Case is not closed.

In a recent decision, *Tazoe v. Airbus S.A.S.*, *et al.*, the Eleventh Circuit reversed a district court's *sua sponte* dismissal of a plaintiff's complaint due to *forum non conveniens* prior to service on defendants.  -- F.3d --, 2011 WL 294044, at *10 (11th Cir. Feb. 1, 2001).  The Eleventh Circuit found abuse of discretion where the court "failed to provide [the plaintiff] with notice of its intent to dismiss or an opportunity to respond." *Id.*  (citation omitted).  While the instant case differs procedurally from *Tazoe*, the Court shall proceed in an abundance of caution and shall not relieve Defendants of their obligation to respond to the Third Amended Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) Defendants Constructora Copt. Ltd. and Guapizul SRL's Motions to be Relieved from Responding to Plaintiffs' Third Amended Complaint (D.E. 324 and 347), filed on May 11 and December 22, 2010, respectively, are **DENIED**.

2) Plaintiff Beverly and Brad McLane's ("Plaintiffs") Motion for Extension of Time to Respond to CCL's Motion to Dismiss (D.E. 329), filed on May 19, 2010, is **DENIED** as moot.

3) Defendants Constructora Copt. Ltd. and Guapizul SRL are provided until

4

February 21, 2011 to respond to Plaintiffs' Third Amended Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of

February, 2011.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**