UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20662-CIV-LENARD/GARBER

BEVERLY McLANE and BRAD
McLANE,

    Plaintiffs,
vs.

MARRIOTT INTERNATIONAL,
INC., et al.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS CONSTRUCTORA COPT
LIMITADA AND GUAPIZUL SRL'S MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT(D.E. 357)**

**THIS CAUSE** is before the Court on Defendants Constructora Copt Limitida ("CCL") and Guapizul SRL's ("Guapizul") Motion to Dismiss Plaintiffs' Third Amended Complaint ("Motion," D.E. 357), filed on March 1, 2011. Plaintiffs Brad and Beverly McLane ("Plaintiffs") filed their Response to Defendants' Motion on March 18, 2011 ("Response," D.E. 358), to which Defendants replied ("Reply," D.E. 359) on March 22, 2011. Having considered the Motion, Response, Reply and the record, the Court finds as follows.

**I.   Factual and Procedural Background**

This case arises out of injuries suffered by Plaintiff Beverly McLane resulting from the alleged negligent operation of a sportfishing boat off the coast of Costa Rica. On or around March 24, 2006, Plaintiffs were vacationing at the Los Suenos Marriott Resort

("Resort") in Costa Rica. (Third Am. Compl. at ¶ 23, D.E. 204.) On that date, Plaintiff Brad McLane, Beverly's husband, chartered a 1998 Boston Whaler named "*Terry Lee*" to go sport fishing in the waters off the coast of Costa Rica. (*Id.*)  The *Terry Lee* was owned by Costa Rica Dreams, a boat charter company, and sailed from the marina adjacent to the Resort. (*Id.*)  Hugo Keyner Nuñez Barrios ("Nuñez"), a Costa Rica citizen, captained the boat. During the voyage, Beverly McLane suffered a burst compression fracture of her L1 vertebrae. (*Id.* at ¶ 25.)  As a result of this injury, Beverly McLane underwent two spinal surgeries and currently suffers from chronic back pain and numbness in her back and lower extremities. (*Id.* at ¶¶ 25-27.)  Plaintiffs allege that Beverly McLane's injuries were caused by the negligent operation of the *Terry Lee*. (*Id.* at ¶ 24.)

Plaintiffs filed suit in this Court on March 13, 2008. On June 26, 2009, Plaintiffs filed their Third Amended Complaint which alleged, *inter alia,* counts of negligence against Guapizul and CCL. (*Id.* at Counts II and VIII.)  Brad McLane has asserted a loss of consortium claim against the Defendants. (*Id.* at ¶ 86.) On May 6, 2010, this Court issued an Amended Omnibus Order (D.E. 322) dismissing all claims against Defendants Marina de Herradura S.A. ("Herradura") and El Sueno Resort ("ESR") on personal jurisdiction and *forum non conveniens* grounds. (Am. Omnibus Order at 32-33.) Pursuant to Stipulation (D.E. 325), filed on May 13, 2010 and waiving certain rights and defenses that may be claimed during litigation in Costa Rica, the Court dismissed Defendant Marriott International, Inc. ("Marriott") from this case on *forum non conveniens* grounds. (Order Dismissing Marriott International, Inc., D.E. 326.)

2

Defendants CCL and Guapizul were served with the Third Amended Complaint following the Court's disposition of the aforementioned defendants' motions to dismiss. Both CCL and Guapizul move to dismiss Counts II and VIII of the Complaint, respectively, on the bases that this Court lacks personal jurisdiction over each and the doctrine of *forum non conveniens* strongly weighs in favor of Costa Rica as an appropriate forum for this suit. (*See, generally*, Mot.) In their Motion, they adopt the arguments made by ESR and Herradura in their motions to dismiss and cite to the factual findings of this Court's Amended Omnibus Order in support of their argument that, as subsidiaries of dismissed Defendant ESR, they lack sufficient contacts with Florida to justify personal jurisdiction. (Mot. at 9-10.) CCL and Guapizul further adopt the arguments made by ESR, Herradura and Marriott as to dismissal of this action due to *forum non conveniens*. (*Id.* at 10-12.)

Plaintiffs similarly adopt all arguments made in opposition to ESR, Herradura and Marriott's motions to dismiss, indicating that the record is complete as to jurisdictional discovery. (*See* Resp. at 1-2.) In an earlier filing, Plaintiffs acknowledge that all relevant discovery has taken place, no new witnesses exist on these issues, and Plaintiffs are content to stand on all previous filings. (*Id.*, *see also* Pls.' Resp. at 7, D.E. 353.)

## II. Legal Standard

### A. Personal Jurisdiction

It is well settled that "the due process clause . . . constrains a federal court's power to acquire personal jurisdiction" over a nonresident defendant. *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1344 (11th Cir.1988). To determine whether personal jurisdiction over a non-resident defendant may be exercised, the court must determine: (1) whether the state long arm statute permits assertion of jurisdiction and (2) whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the *Fourteenth Amendment*. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Section 48.193(2) of Florida's long-arm statute provides: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the *Fourteenth Amendment*. *Woods v. Nova Cos. Belize*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999). Therefore, with respect to general jurisdiction under Florida's long-arm statute, this Court need only determine whether the exercise of jurisdiction over Defendants would exceed constitutional bounds. In order to establish minimum contacts such that would support the exercise of general jurisdiction, the defendant's contacts must be

4

"continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

### B.     *Forum Non Conveniens*

Under the doctrine of *forum non conveniens*, even if venue is proper, the district court possesses the discretion to transfer a case to a more convenient forum. *See Baltimore & Ohio R. Co. v. Kepner*, 314 U.S. 44, 57 (1941). Although the trial court must accord deference to a plaintiff's choice of forum, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

To prevail on a motion to dismiss for *forum non conveniens*, the defendant has the burden of establishing that (1) an available and adequate alternative forum exists, (2) the private factors weigh in favor of dismissal,[1] (3) the public factors weigh in favor of dismissal[2] and (4) the plaintiff would not be prejudiced by having to file in the alternative forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-62 (1981); *Republic of*

---

[1] The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses and costs of obtaining unwilling witnesses; (3) the probability of a view of the premises, if appropriate to the action; (4) the enforceability of a judgment if obtained; and (5) all other practical problems that make a trial of the case easy, expeditious, and inexpensive. *See In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987).

[2] The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law governing the action; (4) the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See In re Air Crash*, 821 F.2d at 1147.

*Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 951 (11th Cir. 1997).

First, "the defendant must demonstrate both the availability and the adequacy of the proposed alternative forum." *Tyco Fire v. Hernandez Alcocer*, 218 Fed. Appx. 860, 865 (11th Cir. 2007) (internal citation omitted). Generally, a forum is available if defendants are amenable to service of process or the opposing party consents to jurisdiction in the alternative forum. *See Piper Aircraft Co.*, 454 U.S. at 242. A forum is generally adequate if it can provide some relief for plaintiff's claims. *See id.* Additionally, a forum is still adequate even if "the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." *Id.* at 247.

If an available and adequate alternative forum exists, the district court then considers "all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice." *C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). These private interest considerations are factors affecting the convenience of the litigants. *See Gulf Oil Corp.*, 330 U.S. at 508.

If the balance of private interests is not clear, the district court must then "determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum." *La Seguridad*, 707 F.2d at 1307. The public interest factors (*i.e.*,

6

considerations affecting the convenience of the forum) are the administrative difficulties for courts when litigation is not handled at its origin. *See Gulf Oil Corp.*, 330 U.S. at 508.

Finally, the Court must ensure that a plaintiff can reinstate their suit in the alternative forum without undue inconvenience or prejudice. *See Perez-Lang v. Corporacion de Hoteles, S.A.*, 575 F. Supp. 2d 1345, 1353 (S.D. Fla. 2008).

## III. Discussion

Because the parties, especially Plaintiffs, rest on facts and legal authority presented in previously filed motions, the record in this case remains no more developed than it was at the issuance of the Amended Omnibus Order. At that time, the Court found that:

> ESR is a holding company, registered under the laws of Delaware and based entirely in Costa Rica on the 1,100 acres that house the Resort and its neighbors. ESR's subsidiaries include [CCL], developer of the Resort, [Guapizul], operator of the Resort's marina, and Los Suenos Resort Wear ("Resort Wear"), all of which are run from offices located on or next to the Resort.
>
> . . . .
>
> Per the deposition testimony of ESR Manager William Royster, ESR assumed and took control over its subsidiaries' assets and liabilities.
>
> . . . .
>
> [CCL], also managed by Royster, engages in marketing and advertising activity on behalf of the Resort. This activity includes advertisements in fishing, travel and industry magazines, commercials on ESPN2 and sponsorships of various fishing tournaments run by the Resort. Ashley [Bretecher] Dep. at 41, 46, 48, 56-57. At deposition, Ashley [Bretecher], Constructora's Executive Director of Marketing and Communications, acknowledged that the Resort's advertising likely does reach some viewers in this jurisdiction. [Bretecher ]Dep. at 16, 21, 26, 31. Royster is the signatory on several advertising contracts on behalf of [CCL].
>
> . . . .
>
> American Export and Los Suenos Marine Supply ("Marine Supply") both lease commercial space from Guapizul. Earl Warren Dep. at 33-34, D.E. 215-5. American Export advertises its partnership with Marine Supply; with

> American Export claiming it can expediently ship freight from anywhere in the U.S. through its Miami terminal. Royster Dep. Ex. 1. According to Earl Warren, sub-manager of [CCL] and attorney to both the company and Mr. Royster, Marine Supply and American Export are independently owned and the former has an agreement with [CCL] allowing it to use the Los Suenos trade name. [FN3]
>
> [FN3] The "Los Suenos Resort and Marina" is a registered Costa Rica trade name, owned by ESR and licensed through Constructora. Warren Dep. at 35. ESR subsidiaries such as Guapizul are allowed to use the trade name by virtue of their subsidiary status. *Id.*
>
> . . . .
>
> ESR[] [also owns an] Interlink P.O. Box in Miami. [Bretecher] Dep. at 36-37; Royster Dep. at 60-63. The P.O. Box allows ESR, its subsidiaries and Royster himself to receive mail from anywhere in the world. Royster Dep. at 61-63. The P.O. Box is listed as on various contracts between [CCL] and Florida advertisers as Royster's mailing address. Royster Dep. at 60. As explained by Royster, the need for ESR's Interlink P.O. Box stems from Costa Rica's lack of formalized mail delivery and rudimentary address system. *Id.* at 62. According to Royster, having a mailing address in Costa Rica is prohibitively expensive and impractical. *Id.*

(Am. Omnibus Order at 14-16.) The parties do not dispute that CCL and Guapizul are Costa Rican companies and subsidiaries of ESR.

Imputing the conduct and contacts of both Guapizul and CCL on its parent ESR,[3] the Court nevertheless found that ESR's "contacts with Florida are sporadic and not continuous or systematic such that Florida's long-arm statute would extend *in personam* jurisdiction over ESR for unrelated acts," declining to find general jurisdiction over ESR. (*Id.* at 16-17 (citation omitted).) Plaintiffs

---

[3] The Court did so despite the well-settled principle that "a foreign corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002). The Court nevertheless found that ESR's subsidiaries contacts with Florida individually, and in the aggregate, were not sufficient.

did not argue then, nor do they argue now, that this Court should exercise specific jurisdiction over ESR and its subsidiaries, CCL and Guapizul. (*See id.* at 18.)

With no new facts presented to distinguish CCL and Guapizul's contacts in Florida from those the Court found to be insufficient for personal jurisdiction in the Amended Omnibus Order, this Court finds no basis to come to a different conclusion now. Rather, subsidiaries CCL and Guapizul's respective contacts with this forum are less than the aggregate of its parent, ESR. Upon review of the Amended Omnibus Order and relevant legal authority, the Court finds that CCL and Guapizul are not subject to general or specific jurisdiction under Florida's long-arm statutes, Sections 48.193(2), 48.193(1)(a) and 48.181(3).

Likewise, the Court finds appropriate the dismissal of the Third Amended Complaint against CCL and Guapizul for *forum non conveniens*. (*See, generally,* Am. Omnibus Order at 21-31.) Costa Rica remains an adequate alternative forum for this dispute. (*See id.* at 21-22.) The balance of public and private interest factors remains unchanged and in favor of dismissal. (*See id.* at 22-30.) Indeed, the "other practical problems" prong of the private interest factors theoretically tips further in favor of dismissal now that Defendants Marriott, Herradura and ESR have voluntarily submitted to jurisdiction in Costa Rica. (*See id.* at 27 (citations omitted).) Guapizul has also waived defenses as to jurisdiction, venue and statute of limitations, entitlement to attorney's fees and submits to enforcement of judgment awarded by a Costa Rican court. (Stipulation at 1, D.E. 357-1.) For this reason, the final prong of the *forum non conveniens* analysis, the prejudice to Plaintiffs of having to file suit in Costa Rica, further compels dismissal. (*See* Am. Omnibus Order at 30-31.)

Consistent with the foregoing and the findings of fact and conclusions of law made in the

Court's May 6, 2010 Amended Omnibus Order, the Court finds that Defendants CCL and Guapizul have established that they are not subject to the general or specific personal jurisdiction of Florida Courts and therefore should be dismissed from this action.  Furthermore, the Court finds that Defendants CCL and Guapizul have established that (1) Costa Rica is an available and adequate alternative forum, (2) the relevant private and public interest factors overwhelmingly support resolution of this dispute in Costa Rica and (3) Plaintiffs can reinstate their suit in Costa Rica without undue inconvenience or prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) Defendants Constructora Copt Limitada and Guapizul SRL's Motion to Dismiss Plaintiffs' Third Amended Complaint (D.E. 357), filed on March 1, 2011, is **GRANTED**.

2) This Case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of March, 2011.

                                                                       **JOAN A. LENARD**
                                      **UNITED STATES DISTRICT JUDGE**